```
                    FILED
                    MAR 1 2 2009
                    CLERK, U.S. DISTRICT COURT
                         NORFOLK, VA
```

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

DEVINCHE J. ALBRITTON, #317524,

    Petitioner,

v.                                  CIVIL ACTION NO. 2:08cv443

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

**I. STATEMENT OF THE CASE**

**A. Background**

On February 26, 2002, Petitioner, DeVinche J. Albritton ("Albritton"), pled guilty to possession of cocaine with intent to distribute in the Circuit Court for the City of Virginia Beach, Virginia. On May 24, 2002, the Circuit Court sentenced Albritton to six (6) years incarceration, all but nine (9) months suspended, as reflected in that court's sentencing order. Petitioner is

currently confined by the Virginia Department of Corrections on other charges.

Albritton did not appeal his conviction to the Court of Appeals of Virginia or to the Supreme Court of Virginia.

On June 11, 2008, Albritton filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Albritton alleged two grounds for issuance of the writ: (1) his guilty plea was invalid because it was induced by an unkept promise of a sentence to the Diversion Center Program; and (2) his trial counsel was constitutionally ineffective for failing to have Albritton's sentence corrected pursuant to the plea agreement despite being asked many times to do so. On July 28, 2008, that court dismissed Albritton's petition as not timely filed, pursuant to Va. Code § 8.1-654(A)(2). (Record No. 081107.)

On August 28, 2008, while in the custody of the Virginia Department of Corrections at the Sussex II State Prison, Albritton executed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court conditionally filed this petition on September 17, 2008. On December 2, 2008, Albritton submitted the $5.00 filing fee. On February 17, 2000, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Memorandum") and a Notice of Motion Pursuant to Local Rule 7(k).

2

### B. Grounds Alleged

Albritton now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the same two reasons raised in the Supreme Court of Virginia.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Statute of Limitations

Respondent argues that Albritton's petition is barred by the statute of limitations. The Court agrees.

The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). Ordinarily, Albritton would have had one year from the date on which his conviction became final to file a petition for federal habeas corpus relief. Allen v. Siebert, 522 U.S. ___, 128 S.Ct. 2, 3 (2007). The trial court entered judgment against Albritton on May 24, 2002; he had thirty (30) days - to June 24, 2002 - to note his appeal to the Court of Appeals of Virginia. His conviction became final on June 24, 2002. Therefore, without considering any tolling provisions, Albritton had until June 24, 2003, to file his federal petition for a writ of habeas corpus. Albritton did not execute the instant federal

petition until August 28, 2008, which was five (5) years, two (2) months, and four (4) days beyond the applicable limitation period.

A person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003) (stating that a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)).

An application for state post-conviction review is "properly filed" not merely when it is delivered or accepted by the relevant court. Artuz v. Bennett, 531 U.S. 4, 8 (2000). Rather:

> an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Id. Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not

4

a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9 (stating that an application was not properly filed and limitation period was not tolled where fee was not included with filing); see also Pace v. DiGugliemo, 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's . . . petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). On the other hand, an application that complies with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. Artuz, 531 U.S. at 9.

Albritton's petition for writ of habeas corpus in the Supreme Court of Virginia was dismissed as being untimely pursuant to Va. Code § 8.1-654(A)(2). (Record No. 081107.) Therefore, Albritton's state habeas petition does not toll the statute of limitations. Pace, 544 U.S. at 417. In any case, tolling the statute of limitations for the state habeas proceedings would not affect the disposition of the case because those proceedings only lasted for approximately one month.

### B. Equitable Tolling

Equitable tolling of the limitation period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

prevented him from filing on time." Rouse, 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); see also Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

Albritton argues that prison officials destroyed his legal papers on June 25, 2004. Even if true, that event occurred approximately one year after the statute of limitations had expired. Therefore, it cannot excuse Albritton's failure to file his petition for writ of habeas corpus in a timely manner.

Accordingly, the Court FINDS that the instant petition is time-barred and that it should be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Albritton's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Albritton's claims be DISMISSED WITH PREJUDICE.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and

recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
March 12, 2009

7

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

DeVinche J. Albritton, #317524
Sussex II State Prison
24427 Musselwhite Drive
Waverly, VA 23891
PRO SE

Kathleen Beatty Martin
Office of the Attorney General
900 E Main St
Richmond, VA 23219
Counsel for Defendant

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

March    , 2009